313 So.2d 758 (1975)
Ronald Ray RUSS, Petitioner,
v.
STATE of Florida, Respondent.
No. 44278.
Supreme Court of Florida.
February 26, 1975.
*759 Louis O. Frost, Jr., Public Defender, and James O. Brecher, Asst. Public Defender, for petitioner.
Robert L. Shevin, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for respondent.
OVERTON, Justice.
Because of an apparent conflict with Hooks v. State, 207 So.2d 459 (Fla. App. 2nd 1968), we initially granted certiorari from the First District Court of Appeal's per curiam affirmance approving a probation revocation on facts which were not sufficient to convince a jury to convict for a criminal offense.[1] The determining factor in Hooks v. State, supra, was the failure of the trial judge to follow the appropriate procedure for disqualification of a judge. The Court, in Hooks, also grounded its reversal on the lack of due process in probationer's revocation hearing. The apparent conflict on that point between Hooks and this case is dispelled by the record in this proceeding because it shows the presiding judge afforded the probationer, through his counsel, an opportunity to testify or to present any evidence on the question of probation revocation. The probationer's counsel in the case sub judice simply declined to present any evidence which was not already before the Court.
The District Court's per curiam affirmance of this cause was in full accordance with our decision in Bernhardt v. State, 288 So.2d 490 (Fla. 1974), and the First District's own subsequent decision in Anderson v. State, 287 So.2d 322 (Fla.App. 1st 1973). It should be noted that the United States Supreme Court has stated that due process rights are more limited for probationers and parolees than for an individual initially charged with a criminal offense.[2]
*760 The petitioner's contention that double jeopardy applies by collateral estoppel is without merit. This is not a second prosecution for the same offense after an acquittal. If it were, a second and separate punishment could be imposed in addition to punishment for the offense previously established for which the petitioner is on probation. A revocation proceeding concerns conduct which violates the terms of probation for an already-established criminal offense. "Proof sufficient to support a criminal conviction is not required to support a judge's discretionary order revoking probation." Bernhardt v. State, supra, 288 So.2d at 501. To apply collateral estoppel, as urged by petitioner, would substantially extend that doctrine not in any way authorized or contemplated by Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); Turner v. Arkansas, 407 U.S. 366, 92 S.Ct. 2096, 32 L.Ed.2d 798 (1972); Harris v. Washington, 404 U.S. 55, 92 S.Ct. 183, 30 L.Ed.2d 212 (1971); Simpson v. Florida, 403 U.S. 384, 91 S.Ct. 1801, 29 L.Ed.2d 549 (1971). The ultimate facts necessary to convict for a criminal offense and the ultimate facts necessary to establish a violation of probation are not the same. It is analogous to the decision of the United States Supreme Court in One Lot Stones v. United States, 409 U.S. 232, 93 S.Ct. 489, 34 L.Ed.2d 438 (1972), which held that an acquittal in a criminal case does not collaterally estop the same issue from being tried in a civil case because the burden of proof as well as the elements that must be established differ.
Accordingly, no direct conflict having been demonstrated, the writ is hereby discharged.
It is so ordered.
ADKINS, C.J., and ROBERTS and ENGLAND, JJ., concur.
ERVIN (Retired), J., dissents with opinion.
McCAIN, J., dissents and concurs with ERVIN (Retired), J.
ERVIN (Retired), Justice (dissenting).
In 1971, Russ was placed on four years' probation after pleading guilty to receiving stolen property. In 1972, proceedings to revoke the probation were instituted because Russ had been criminally charged with breaking and entering with intent to commit a felony and a robbery. Before the revocation proceedings were heard, Russ was acquitted of the charge by a not guilty verdict of a jury. However, subsequent thereto, the same judge at the jury trial where Russ was acquitted held the revocation hearing without any evidence supportive of the revocation being offered and adjudged that Russ' probation should be revoked. In fact, the judge heard no evidence from the State or Russ at all at the revocation hearing regarding the facts of the said offenses of which Russ was acquitted, but made the following statement:
"I'm afraid that if I had been one of the voting members of the jury I would have found him [Russ] guilty beyond a reasonable doubt, but that's because I knew that Mr. Russ had previously been here."
The District Court of Appeal, First District, affirmed the revocation per curiam in a short opinion.
It is my opinion based on the record proper that Russ' acquittal by the jury of *761 the same charges which were also the grounds for revocation of his probation legally eliminated them as the predicate for revocation of his probation since no evidence in support of the revocation was offered.
It appears to me that the elements of collateral estoppel and double jeopardy are involved in this particular case and create a conflict of decisions with the result of revocation reached in this case. I do not believe it is necessary to elaborate but merely to cite for comparison the following cases: Bacom v. State (Fla. 1949), 39 So.2d 794; State v. Bacom (1947), 159 Fla. 54, 30 So.2d 744; Bryan & Sons Corp. v. Klefstad (Fla.App. 1972), 265 So.2d 382; Eagle v. State (Fla.App. 1971), 249 So.2d 460; Wacaster v. Wacaster (Fla.App. 1969), 220 So.2d 914; and State ex rel. Glenn v. Klein (Fla.App. 1966), 184 So.2d 904.
I would vacate the revocation of probation.
McCAIN, J., concurs.
NOTES
[1] Article V, Section 3(b)(3), Florida Constitution.
[2] "... Without denying that there is some force in this argument, we think it a sufficient answer that we deal here, not with the right of an accused to counsel in a criminal prosecution, but with the more limited due process right of one who is a probationer or parolee only because he has been convicted of a crime." Gagnon v. Scarpelli, 411 U.S. 778, 789, 93 S.Ct. 1756, 1763, 36 L.Ed.2d 656, 666 (1973).

"Cf. In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), establishing a juvenile's right to appointed counsel in a delinquency proceeding which, while denominated civil, was functionally akin to a criminal trial. A juvenile charged with violation of a generally applicable statute is differently situated from an already-convicted probationer or parolee, and is entitled to a higher degree of protection. See In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (the standard of proof in a juvenile delinquency proceeding must be `proof beyond a reasonable doubt')." Gagnon v. Scarpelli, 411 U.S. 778, n. 12 at 790, 93 S.Ct. 1756 at 1763.