576 P.2d 157

**STATE of Arizona, Appellee,**

v.

**Allen Ray SIMMERMAN, Appellant.**

**No. 1 CA–CR 2315.**

Court of Appeals of Arizona, Division 1, Department C.

Feb. 28, 1978.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

William C. Porter, Kingman, for appellant.

OPINION

SCHROEDER, Judge.

This is an appeal from the revocation of appellant's probation for the crime of possession of stolen property, a felony. The revocation was based upon the appellant's conviction of a second offense of receiving stolen property. A previous petition for revocation, filed prior to the second conviction, had been dismissed by the trial court. The sole question presented for review here is whether the two revocation proceedings amounted to double jeopardy.

Appellant was originally placed on probation April 23, 1976, after pleading guilty to the crime of possession of stolen property. Seven days later, he was arrested and charged with committing a second offense of possession of stolen property. The first petition to revoke probation was filed a few days later and alleged that appellant had violated the terms of his probation in that he had failed to be a law abiding citizen. The petition referred specifically to the second stolen property charge. The hearing on that petition was conducted during the first week of June, 1976, and on the basis of the evidence which the state was able to present at that time, the petition was dismissed.

The following month the appellant was prosecuted on the stolen property charge and found guilty by a Superior Court jury. A new petition to revoke probation, based upon the second conviction, was then filed. In the second revocation hearing, the court

took judicial notice of the conviction, found a violation of probation, and proceeded to sentence the appellant to concurrent sentences of 14 to 60 months in the Arizona State Prison on both the second conviction and the probation revocation.

In this appeal from the probation revocation, appellant contends that he was placed in double jeopardy, in violation of the constitutions of the United States and of the State of Arizona, by being made to answer two petitions for probation revocation based upon the same alleged criminal activity, i. e., the second possession of stolen property offense. The appeal pertains only to multiple attempts at probation revocation. There is no issue before us concerning whether the same misconduct can form the basis of both a criminal prosecution and a probation revocation. Such challenges on double jeopardy grounds have been repeatedly disallowed. *See, Bible v. State of Arizona*, 449 F.2d 111 (9th Cir. 1971), *cert. denied*, 405 U.S. 994, 92 S.Ct. 1268, 31 L.Ed.2d 463 (1972); *State v. Jameson*, 112 Ariz. 315, 541 P.2d 912 (1975), and authorities cited therein. *See also* Annot., 76 A.L. R.3d 564 (1977).

We perceive appellant's basic position to be that he had been called upon twice, in the context of probation revocation proceedings, to defend the same factual allegations of misconduct. The difficulty with appellant's position is that the substantive questions before the Court in each proceeding were not the same. The first proceeding concerned whether, by a preponderance of the evidence, appellant had, in fact, received stolen property. At the second hearing, following the criminal prosecution and conviction on that charge, the only material allegation was that the appellant had been convicted of a felony. As to this, the court took judicial notice and it was not even necessary to have a violation hearing at all. *See* Ariz.R.Crim.P. 27.7. The distinction is far more than what appellant would characterize as mere semantics. Appellant did not have to twice defend the same issues.

Support for our rejection of appellant's claim of double jeopardy can be found in recent decisions of the United States Supreme Court. These cases have emphasized that, apart from questions of multiple punishment not involved here, a major purpose of the double jeopardy clause is to prevent individuals from having to relitigate the merits of the same issues. Thus, the principles of collateral estoppel have been applied to prevent the state from relitigating the same issues in a second prosecution for a technically different offense. *Ashe v. Swenson*, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970); *see also State v. Hopson*, 112 Ariz. 497, 543 P.2d 1126, 1128 (1975), in which our Supreme Court pointed out, citing *Ashe v. Swenson*, that "[o]ne is placed in jeopardy twice when a prior factual determination is relitigated." *Id.* 397 U.S. at 499, 90 S.Ct. 1189. In *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), the Court held that an adjudication in a juvenile proceeding barred subsequent criminal prosecution for the same offense under principles of double jeopardy. The Court there stressed that double jeopardy concerns the risk of multiple trials, and that the defendant in that case "was subjected to the burden of two trials for the same offense; he was twice put to the task of marshaling his resources against those of the State, twice subjected to the 'heavy personal strain' which such an experience represents." *Id.* at 533, 95 S.Ct. at 1787, 44 L.Ed.2d at 358.

Again focusing on the risk of multiple trials for the same issue, the Supreme Court held the same year that the principles of double jeopardy do not apply to bar a state's appeal from a post verdict ruling, since review of that ruling would not subject the defendant to a second trial. *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

Since in this case, there has never been any duplicative litigation of the same issues, we find principles of double jeopardy inapplicable. The same conclusion has been reached by an Oklahoma Appellate Court

involving a virtually identical fact situation. *Marutzky v. State*, 514 P.2d 430 (Okla.Crim. App.1973).

A different result might well be reached if a second petition for revocation had been filed and heard on the merits prior to conviction on the underlying charge, thus resulting in multiple hearings on the facts relating to the commission of the offense. *See State v. Rios*, 114 Ariz. 505, 562 P.2d 385 (Ct.App.1977). That did not occur in *Rios* or in this case.

Affirmed.

DONOFRIO, P. J., and OGG, J., concur.