577 P.2d 275

STATE of Arizona, Appellee,

v.

Joe Donald WALKER, Appellant.

No. 1 CA–CR 2736.

Court of Appeals of Arizona,
Division 1,
Department C.

March 28, 1978.

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Division, Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

## OPINION

WREN, Judge.

Defendant through his court appointed counsel has filed an appeal under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), requesting a review by this Court of the revocation proceedings as to his probation and the sentence which followed.

On June 28, 1976 defendant was placed on probation for a period of three years. The petition to revoke alleged that defendant had violated the following terms of probation:

Term No. 1: "At all times to be a law-abiding citizen."

Term No. 2: "Report to the probation officer at least once each month in writing or in person and at all other times directed by the probation officer."

Term No. 7: "Make and pay restitution . . . in the amount of $50.00. . . ."

The petition further stated that appellant had violated Term No. 1 in that he committed an armed robbery on March 21, 1977. It also alleged that he violated Term No. 2 by failing to report to the probation officer during December of 1976 and February 1977; and finally that he had violated Term No. 7 by failing to make restitution.

Defendant, although the matter is not urged as "arguable error", points to the fact that the armed robbery charge had been dismissed twice at the preliminary hearing stage and yet the alleged robbery victim was presented as a witness at the revocation proceedings and the trial court found a violation of Term No. 1 as a result thereof.

The point, if such be intended, is not well taken. The nature of a preliminary hearing, the issues involved, and the quantum of proof required for a determination of probable cause as to armed robbery presented no double jeopardy or res judicata problems as to whether defendant had violated the condition of being a law abiding citizen. *See Russ v. State*, 313 So.2d 758 (Fla.1975), cert. den. 423 U.S. 924, 96 S.Ct. 267, 46 L.Ed.2d 250 (1975). *See also* Annot., 76 A.L.R.3d 564 (1977).

Moreover, there was adequate evidence to support the court's determination that defendant had also violated Terms No. 2 and No. 7. These together or alone would have justified the revocation.

This Court has reviewed the transcripts of the proceedings. We have determined that the requirements of Rule 27 were fully complied with and that a sentence within the statutory limits was imposed.

The applicant himself was given an opportunity to file a supplemental memorandum raising any points he might have wished to call to our attention but has failed to do so.

We have therefore determined that the appeal is without merit and affirm.

DONOFRIO, P. J., and SCHROEDER, J., concur.