PER CURIAM.
Appellant, convicted below of a violation of probation, contests the sufficiency of the evidence to support that finding. We believe the state’s proof was sufficient and affirm.
The facts reveal that appellant was arrested for possession of controlled substances during a probationary period after an off-duty policeman observed that a Mercedes automobile he was driving was weaving from lane to lane on a Jacksonville highway. Appellant was pulled over and discovered to be drinking a bottle of beer. One officer administered a field test for intoxication, which appellant passed. Meanwhile, however, another policeman, checking the license plates and inspection stickers on the car, noticed a purse or saddlebag on the passenger side of the front seat of the vehicle. This officer stated that he saw a cellophane bag which appeared to contain marijuana sticking out one or two inches from the saddlebag. He searched the bag, discovered marijuana, and arrested appellant. Other controlled substances were subsequently discovered in the bag.
Appellant’s story at the probation violation hearing was that he had been interested in purchasing the automobile in question and had arranged on the day of his arrest to pick up the vehicle for a test drive from a Jacksonville dealership. The vehicle was apparently owned privately but had been delivered to the dealership to facilitate its sale. Appellant stated that he had picked the car up that afternoon, driven it home, washed it off with a hose because it was dusty, taken a nap, and had then left his home to return the car to its owner when he was pulled over by the police officers. He stated that he had seen the saddlebag on the front seat but had not looked into it. He denied that a cellophane bag was sticking out of the bag.
We believe there is ample support for the revocation of appellant’s probation. Appellant admitted in his testimony that he had had the exclusive possession of the vehicle containing the bag of marijuana for approximately six hours at the time of his arrest. With that evidence, it is doubtful that the “constructive possession” doctrine enunciated by this court in Frank v. State, 199 So.2d 117 (Fla. 1st D.C.A. 1967) was applicable to this case. Even if constructive possession analysis is used, there is evidence supporting an inference of guilty knowledge here. The arresting officer testified on rebuttal that appellant “told me I couldn’t have seen it because it was zipped up in his bag and I had illegally searched his bag” at the time of his arrest. Frank, supra, allows an inference that the accused had knowledge of the drugs’ presence if there is evidence of an incriminating statement. Moreover, there is abundant case law establishing that proof sufficient to support a criminal conviction is not required to support a judge’s discretionary order revoking probation. See e. g., Bernhardt v. State, 288 So.2d 490, 501 (Fla.1974); Russ v. State, 313 So.2d 758, 760 (Fla.1975). Cf. Croteau v. State, 334 So.2d 577 (Fla.1976).
The order revoking probation is affirmed.
McCORD, C. J., and ERVIN, J., concur.
MILLS, J., dissents.