PEOPLE v BUELOW

Docket No. 78-5456. Submitted September 4, 1979, at Grand Rapids.—
Decided November 21, 1979.

Defendant, Stephen M. Buelow, was charged with carrying a
concealed weapon without a license. Defendant thereafter was
found to have violated the terms of his probation on a prior
assault conviction as a result of his carrying of the concealed
weapon. His probation was revoked and he was sentenced to 90
days in jail. Subsequently defendant pleaded guilty to the
concealed weapon charge in Kalamazoo Circuit Court, Lucien
F. Sweet, J. Following sentencing, defendant moved to vacate
his guilty plea, arguing that he had twice been put in jeopardy
for the same crime. The Kalamazoo Circuit Court, Charles H.
Mullen, J., denied the motion to vacate the guilty plea. Defen-
dant appeals. *Held:*

A defendant is not twice placed in jeopardy where the same
criminal activity is the subject of both a probation revocation
hearing and a subsequent conviction by a guilty plea. It mat-
ters not, for constitutional purposes, whether the probation
revocation hearing precedes the taking of the guilty plea or
whether the order of the proceedings is reversed.

Affirmed.

CONSTITUTIONAL LAW — DOUBLE JEOPARDY — PROBATION REVOCATION
— TRIAL — GUILTY PLEA — ORDER OF PROCEEDINGS.

A defendant is not twice placed in jeopardy where the same
criminal activity is the subject of a probation revocation hear-
ing and a subsequent criminal trial; it is of no consequence
whether the proceedings revoking probation precede the taking
of a guilty plea or a conviction at trial.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *James J. Gregart,*
Prosecuting Attorney, *Stephen M. Wheeler,* Princi-
pal Appellate Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law §§ 169, 567, 568.

*De Vries & Lamb, P.C.,* for defendant.

Before: ALLEN, P.J., and R. B. BURNS and T. M. BURNS, JJ.

PER CURIAM. On November 24, 1976, defendant was arrested for and charged with the crime of carrying a concealed weapon without a license. MCL 750.227; MSA 28.424. Subsequently, on September 13, 1977, he pleaded guilty to the offense and was given a sentence of 40 to 60 months in the state prison. Prior to the date of the instant offense, defendant had been convicted of assault and battery for which, on October 21, 1976, he had been put on probation. On January 6, 1977, a probation revocation hearing was held and it was determined that by carrying the concealed weapon on November 24, 1976, defendant had violated the terms of his probation. Defendant's probation was revoked and he was sentenced to 90 days in the county jail from which 43 days credit were subtracted. On August 15, 1978, defendant filed a motion to vacate his September 13, 1977, guilty plea on the ground that he had twice been placed in jeopardy for the same criminal offense. Thus, the question before the Court is whether a defendant is twice placed in jeopardy when the same criminal activity is the subject of a probation revocation hearing and a subsequent criminal trial.

Defendant's argument on this issue distinguishes between situations in which the probation revocation hearing is held before trial and those where trial precedes the probation revocation hearing. It is defendant's contention that in the former situations double jeopardy is violated, whereas, in the latter it is not. We find that defendant's distinction is unpersuasive. In *People v Baines,* 82 Mich App

438; 266 NW2d 839 (1978), a panel of this Court refused to find that the occurrence of a probation revocation hearing prior to trial violated a defendant's fifth amendment right against self-incrimination. The Court noted that it declined to reach this issue because, after the defendant had testified at his probation revocation hearing, he later pled guilty to the underlying offense. In *People v Nesbitt,* 86 Mich App 128; 272 NW2d 210 (1978), this Court held that nothing in the statute regulating revocation of probation, MCL 771.4; MSA 28.1134, required that the trial of the criminal charge precede the revocation of probation hearing.

The insight that these two cases afford into the nature of the relationship between a defendant's constitutional rights at a probation revocation hearing and his rights at trial, when coupled with the consideration that the standard of proof differs between these two criminal proceedings, leads us to conclude that defendant had not been twice placed in jeopardy here. We also find significant the fact that at defendant's probation revocation hearing the question before the finder of fact was whether defendant had engaged in "anti-social conduct" sufficient to furnish good cause to believe that his probation should be revoked. In resolving the question of whether "good cause" had been shown, a finding that defendant had carried a concealed weapon would not be dispositive. A determination that defendant carried a concealed weapon would not have been sufficient to require revocation of his probation if it was found that such conduct did not meet the "good cause" standard or if some mitigating factor were found to be present. On the other hand, it is equally true that

defendant might have been found guilty of violating his probation, but yet not guilty at the subsequent trial of carrying a concealed weapon. This is because of the different standard of proof in these proceedings. We conclude, therefore, that defendant's constitutional protection against double jeopardy has not been violated.

Affirmed.