PER CURIAM.
The appellant seeks review of an order of the trial court, revoking his probation and sentencing him to five years’ imprisonment and twelve years’ probation for several counts of violation of narcotics laws.
An affidavit for violation of probation was filed, charging the appellant with aggravated assault. At hearing thereon, the evidence showed the appellant had severely beaten his mother, causing both internal and external injuries, necessitating hospitalization for at least a week, and facial paralysis estimated to remain for a period of at least six months. In beating his mother, the appellant kicked her repeatedly and allegedly struck her on the head with a lamp. After all the evidence was in, the trial judge stated that shoes were a deadly weapon and he entered the order appealed.
The appellant is attempting to gain a reversal on the basis that the evidence fails to prove all the elements of the crime of aggravated assault, in that it failed to show the appellant used a deadly weapon.
There is sufficient evidence from which the trial court could find, in the exercise of its discretion, that the appellant had violated his probation. See: Brill v. State, 159 Fla. 682, 32 So.2d 607 (1947); Bernhardt v. State, 288 So.2d 490 (Fla. 1974). In a probation revocation proceedings, the State does not have the same burden of proof as in a prosecution in the first instance. See: Bernhardt v. State, supra; Russ v. State, 313 So.2d 758 (Fla.1975); Snyder v. State, 362 So.2d 971 (Fla. 1st DCA 1978). A condition of the probation was that the defendant would not violate any law. Proof of conviction is not necessary to constitute a violation of probation.
*229 The order under review is affirmed.
Affirmed.