625 P.2d 970

STATE of Arizona, Appellee,

v.

Charles W. BOYD, Appellant.

Nos. 1 CA–CR 4667, 1 CA–CR 4668.

Court of Appeals of Arizona,
Division 1,
Department B.

March 12, 1981.

---

Robert K. Corbin, Atty. Gen. by Georgia B. Ellexson, Asst. Atty. Gen., Phoenix, for appellee.

J. Douglas McVay, Phoenix, for appellant.

## OPINION

JACOBSON, Judge.

The sole issue raised in this appeal is whether a probation revocation hearing must be delayed at the request of the defendant until after the defendant's trial on charges that also form the basis for the revocation hearing.

The facts necessary to our consideration of this issue are as follows. In 1979, defendant was convicted of aggravated assault and robbery. The trial court sentenced defendant to five years on probation. In 1980, the state filed an information charging defendant with burglary and conspiracy to commit burglary. The state also filed a petition to revoke defendant's probation on the basis of the same alleged crimes.

Defendant moved for a continuance of the probation revocation hearing until after the trial. Defendant based his motion on the argument that if he testified at the revocation hearing, the state could "virtually take his deposition" on cross-examination and use defendant's responses against him later at his trial. The superior court denied defendant's motion and proceeded with the revocation hearing.

Defendant did not testify at his probation revocation hearing. At the conclusion of the hearing, the court revoked defendant's probation and sentenced defendant to concurrent terms of four years and five years in prison. Defendant has appealed.

The argument of defendant is essentially that he was forced to remain silent at the revocation hearing because if he testified, his statements could be used against him at his trial. Defendant asserts that by continuing the revocation hearing until after the trial, the superior court could have removed this risk of testifying.

Many courts have considered the issue now before this court and all have found no violation of the Constitution in conducting the revocation hearing first. *See Ryan v. Montana*, 580 F.2d 988 (9th Cir. 1978), cert. denied 440 U.S. 977, 99 S.Ct. 1548, 59 L.Ed.2d 796 (1979); *United States v. Markovich*, 348 F.2d 238 (2d Cir. 1965); *Dail v. State*, 610 P.2d 1193 (Nev.1980). *State v. Cyganowski*, 21 Wash.App. 119, 584 P.2d 426 (1978); *State v. Kartman*, 192 Neb. 803, 224 N.W.2d 753 (1975); *People v. Carr*, 185 Colo. 293, 524 P.2d 301 (1974); *Commonwealth v. Kates*, 452 Pa. 102, 305 A.2d 701 (1974); and *Borges v. State*, 249 So.2d 513 (Fla.App.1971); *see also Flint v. Mullen*, 499 F.2d 100 (1st Cir.), cert. denied 419 U.S. 1026, 95 S.Ct. 505, 42 L.Ed.2d 301 (1974), and *State v. Ryan*, 166 Mont. 419, 533 P.2d 1076 (1975) (two cases approving the conducting of a deferred sentencing violation hearing before a trial). However, some courts have held that if the probation revocation hearing occurs first and the defendant testifies at the hearing, that testimony can be used against the defendant at his trial only for the purpose of impeachment. *See People v. Rocha*, 86 Mich.App. 497, 272 N.W.2d 699 (1978); *State v. Hass*, 268 N.W.2d 456 (N.D.1978); *State v. DeLomba*, 117 R.I. 673, 370 A.2d 1273 (1977); *State v. Evans*, 77 Wis.2d 225, 252 N.W.2d 664 (1977); *People v. Coleman*, 13 Cal.3d 867, 120 Cal.Rptr. 384, 533 P.2d 1024 (1975). *Cf. Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971) (holding that unlawfully obtained confessions can be used for the purpose of impeachment).

Arizona has adopted a similar rule in Rule 27.8, Arizona Rules of Criminal Procedure, which provides in part:

Before accepting an admission by a probationer that he has violated a condition or regulation of his probation, the court shall ... determine that he understands the following:

\* \* \* \* \* \*

(e) If the alleged violation involves a criminal offense for which he has not yet been tried ... that ... any statement made by him at the hearing may be used to impeach his testimony at the trial. [Emphasis supplied.]

Rule 27.8 establishes a rule of evidence that the use at trial of a defendant's prior testimony at a revocation hearing is limited to impeachment only. It is thus inadmissible in the state's case in chief. This rule amply protects a defendant's constitutional right to testify or to remain silent at a revocation hearing. Of course, the possibility remains that if a defendant testifies at a probation revocation hearing, his testimony will be used to impeach him at his trial. However, this possible use of testimony does not pressure a defendant to remain silent at the hearing, nor does it pressure him to testify. The possibility that the testimony will be used for impeachment serves only as an incentive for the defendant to speak truthfully if he does testify at the hearing.

Defendant relies upon *Simmons v. United States*, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), as support for his position. *Simmons* held that a defendant's pretrial testimony relating to a motion to suppress physical evidence may not be used against the defendant at trial. The sole purpose of this holding was to allow defendants to freely assert fourth amendment claims without sacrificing their fifth amendment privilege against self-incrimination.

*Simmons* is distinguishable in two respects from the present case. First, in the case of a probation revocation hearing followed by a trial there is no tension between assertion of fourth and fifth amendment rights. Second, the remedy for the problem in *Simmons* was excluding the suppression hearing testimony from use at trial "on the issue of guilt." 390 U.S. at 394, 88 S.Ct. at 976, 19 L.Ed.2d at 1259. The Supreme Court has not decided whether the testimony can be used for impeachment at the defendant's trial. *United States v. Salvucci*, 448 U.S. 83, 100 S.Ct. 2547, 65 L.Ed.2d 619 (1980). However, that court has stated that "the protective shield of *Simmons* is not to be converted into a license for false representation." *United States v. Kahan*, 415 U.S. 239, 243, 94 S.Ct. 1179, 1181, 39 L.Ed.2d 297, 301 (1974).

Some lower courts have held that the testimony can be used for impeachment. *See e. g., People v. Sturgis*, 58 Ill.2d 211, 317 N.E.2d 545 (1974), cert. denied 420 U.S. 936, 95 S.Ct. 1144, 43 L.Ed.2d 412 (1975). Barring later use of the testimony except for the purpose of impeachment is the very approach established in Arizona with regard to probation revocation hearings.

Based upon the foregoing, we hold that the superior court did not err in refusing to grant defendant's motion for a continuance.

HAIRE, P. J., and EUBANK, J., concur.