HAWKES, J.
Appellant appeals an order revoking his probation. We affirm the revocation, notwithstanding a jury’s acquittal of Appellant on the offense constituting the probation violation. Because differing standards are applicable, “[a]cquittal on the substantive offense is not a collateral estoppel bar to revocation of probation on the same offense.” Bones v. State, 764 So.2d 888 (Fla. 4th DCA 2000), citing Russ v. State, 313 So.2d 758 (Fla.1975). However, the trial court’s order indicates it revoked Appellant’s probation for possession of a firearm, and for “new law violations.” The affidavits of violation of probation allege three new law violations: armed burglary of an occupied dwelling; shooting into an occupied dwelling; and trespassing and petit theft. While the record contains sufficient evidence to support revocation for possession of a firearm, trespassing and petit theft, there is no evidence that the dwellings were occupied. Accordingly, we affirm the revocation of probation, but remand for the trial court to correct its written order to reflect which specific new law violations resulted in the revocation. See id.; Gamble v. State, 737 So.2d 1160 (Fla. 1st DCA 1999).
C.J. ALLEN and BENTON, J., concur.