511 P.2d 204

**The STATE of Arizona, Appellee,**

v.

**Gerald David MARLAR, Appellant.**

**No. 2 CA–CR 325.**

Court of Appeals of Arizona,
Division 2.

June 28, 1973.

Review Denied Sept. 25, 1973.

Gary K. Nelson, Atty. Gen., Phoenix by John S. O'Dowd and Howard L. Fell, Asst. Attys. Gen., Tucson, for appellee.

Ed Bolding, Pima County Public Defender by Richard Van Duizend, Deputy Public Defender, Tucson, for appellant.

HOWARD, Judge.

On August 2, 1972, appellant Gerald David Marlar plead guilty to having passed or attempted to pass a forged check. On August 17, 1972, imposition of sentence was suspended and the appellant was placed on probation for five years. Marlar's probation officer filed a petition to revoke probation on October 2, 1972, alleging that:

"There is probable cause to believe that said defendant has failed to comply with the terms of his probation in that he has written two (2) checks on no account."

At the probation revocation hearing, the only witness was Robert T. Wilson, the appellant's probation officer. Mr. Wilson testified concerning information which he had received from various sources indicating that the appellant had passed the above-mentioned checks. The sources from which Mr. Wilson received his information included bank personnel and representatives of the businesses which had received the checks. The appellant's attorney objected to Mr. Wilson's testimony as hearsay because "At the time Mr. Marlar had no opportunity to cross examine. . . ." The trial court overruled the objection and after hearing Mr. Wilson's testimony, sentenced appellant to a term of not less than six nor more than eight years in the state penitentiary. This appeal followed.

The Supreme Court of the United States has set forth the minimum requirements of due process in a parole revocation proceeding. These requirements include:

"(a) written notice of the claimed violations of parole;

(b) disclosure to the parolee of evidence against him;

(c) opportunity to be heard in person and to present witnesses and documentary evidence;

(d) *the right to confront and cross-examinate adverse witnesses* (unless the hearing officer specifically finds good cause for not allowing confrontation);

(e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and

(f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole."[1] (Emphasis added)

Morrissey v. Brewer, 408 U.S. 471, 92 S. Ct. 2593, 33 L.Ed.2d 484 (1972).

These requirements were held to apply to probation revocation proceedings in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *see* State v. Madrid, Ariz.App., 510 P.2d 50 (filed May 24, 1973). It should be noted that the Supreme Court of the United States also held that a probationer, like a parolee, is entitled to a preliminary revocation hearing "to determine whether there is probable cause or reasonable grounds to believe that the arrested [probationer] parolee has committed acts which constitute a violation of [probation] parole conditions. . . ." and a final revocation hearing to "lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation." Morrissey v. Brewer, supra; Gagnon v. Scarpelli, supra.

The *Morrissey* opinion does not mandate inflexible requirements for a probation revocation proceeding. "We have no thought to create an inflexible structure for parole revocation procedures." Mor-

---

1. Requirements (e) and (f) are substantially embodied in Arizona's procedural requirements for probation revocation proceedings in that the hearing is held before a judge and a record of the proceedings is required to be made. We see no necessity for any change in the present Arizona probation revocation procedure in these areas.

rissey, supra. The requirements of *Morrissey* are broad enough to allow for great latitude within the probation revocation structure, and we envision no sweeping changes within the structure of probation revocation hearings as they exist in Arizona. "What is needed is an informal hearing structured to assure that the finding of a [probation] parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the [probationer's] parolee's behavior." Morrissey, supra. While *Morrissey* specifically provides for the use of "letters, affidavits, and other material that would not be admissible at trial", to always allow such evidence over the objections of the probationer would emasculate "the right to confront and cross examine adverse witnesses." Therefore, when a probationer objects to such evidence the trial judge should only allow it when he "specifically finds good cause for not allowing confrontation."

■ The state relies heavily on an alleged admission of Marlar to his probation officer in urging us to find ample evidence to support the revocation of probation. However, the record indicates that the only statement by Marlar to which the probation officer testified was "he told me he wrote them because he felt he had to do this so his family could eat." While this statement admits to writing the checks in question, it cannot of itself be considered an admission that Marlar committed the crime of drawing a check on no account. Without the supporting documents which were objected to, the state has failed in its burden of proving Marlar had violated the conditions of his probation.

Therefore, the revocation of probation and the sentence imposed in this case are to be set aside and the case remanded to the trial court for a new hearing.

HATHAWAY, C. J., and KRUCKER, J., concur.