520 P.2d 1139

**The STATE of Arizona, Appellee,**

v.

**Tony Cabanillas MORENO, Appellant.**

**No. 2 CA–CR 353.**

Court of Appeals of Arizona,
Division 2.

April 16, 1974.

Gary K. Nelson, Atty. Gen. by Louis M. Diesel, Sp. Asst. Atty. Gen., Phoenix, and Phyllis P. Sugar, Asst. Atty. Gen., Tucson, for appellee.

Ed Bolding, Former Pima County Public Defender, John M. Neis, Pima County Public Defender by Thomas D. Welch, Asst. Public Defender, Tucson, for appellant.

## OPINION

KRUCKER, Judge.

This appeal arises from a judgment revoking appellant's probation and sentencing him to imprisonment in the state penitentiary.

On May 2, 1972, appellant plead guilty to attempted first degree burglary, imposition of sentence was suspended and he was placed on probation for four years. His probation officer filed a petition to revoke probation on July 25, 1973, alleging that:

"There is reason to believe probable cause exists that the subject has violated the conditions of probation as he was arrested on July 20, 1973, and on July 23, 1973, charged with offenses of Burglary, two counts, Grand Theft and Obstructing Justice."

On July 31, 1973, the judge informed appellant of the reason for the petition, of his right to counsel and that anything he said could be used against him in later cases. The judge advised the respective counsel that a finding of probable cause that appellant had committed one of the three crimes charged would suffice as a violation of probation. Appellant denied the allegations of the petition and the matter was set for hearing on August 17, which was subsequently set for August 21, 1973.

At the August 21, 1973 probation revocation hearing in a superior court, appellant was represented by counsel. The judge again informed counsel that she need only find probable cause that appellant had committed one of the three crimes charged to revoke probation. Whether to put on evidence of all three crimes was left to the county attorney's discretion.

At the hearing, the judge informed appellant's counsel that she had in her possession a statement which appellant had made to his probation officer concerning one of the crimes charged. She then showed him the statement and stated that she intended to make it a part of the record. There was no objection to it being included in the record. Appellant's counsel

was specifically asked if he wanted to cross-examine the probation officer, but he declined. After the hearing, the judge found that appellant had violated the conditions of his probation.

A second hearing was held on August 31, 1973 to determine whether or not to revoke appellant's probation. Appellant was represented by counsel and allowed to present evidence in mitigation. Having found a probation violation, the judge revoked his probation and sentenced him to not less than five nor more than six years in the state penitentiary. This appeal followed.

As set forth by the Supreme Court of the United States in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L. Ed.2d 484 (1972), the minimum requirements of due process in a parole revocation proceeding are:

"(a) written notice of the claimed violations of parole;

(b) disclosure to the parolee of evidence against him;

(c) opportunity to be heard in person and to present witnesses and documentary evidence;

(d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation);

(e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and

(f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole." 92 S.Ct. at 2604.

These requirements were held to apply to probation revocation proceedings in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In addition, a probationer is entitled to a preliminary revocation hearing to determine whether there is probable cause or reasonable grounds to believe that he has committed acts which constitute a violation of proba-

tion conditions and a final revocation hearing to determine if his probation should be revoked. Gagnon v. Scarpelli, supra.

■ Appellant contends that he was denied a "neutral and detached" hearing body. He points to the judge's statement that a finding of probable cause as to only one of the crimes charged would suffice to revoke probation as indicating that the judge had knowledge prior to the hearing that evidence on all allegations in the petition would be unnecessary.

One of appellant's conditions of probation was that he violate no law. Although the petition to revoke probation alleged commission of three crimes, to revoke probation the judge need only have found that there was probable cause to believe appellant committed one of the three. Whether or not to present evidence regarding all three crimes was in the discretion of the county attorney. The judge's statement merely set forth what would be sufficient to revoke probation and in no way indicated that she had pre-determined the case.

■■ Appellant also contends that the judge was not impartial because she had prior knowledge of appellant's statement to his probation officer,[1] which was included in the file upon her own motion. Here, appellant's counsel read the statement, was given an opportunity to cross-examine the probation officer but refused, and made no objection to the statement being made part of the record. Contrary to appellant's argument, we find no lack of impartiality.

■ The other argument advanced by appellant is that he was denied a preliminary hearing and a written statement setting forth the evidence relied on and the reasons for revoking his probation. True, appellant was not given a written statement. However, *Morrissey* did not create an inflexible structure for parole revoca-

tion procedures. Accordingly, this court noted in State v. Marlar, 20 Ariz.App. 191, 511 P.2d 204 (1973):

"Requirements (e) and (f) [the written statement] are substantially embodied in Arizona's procedural requirements for probation revocation proceedings in that the hearing is held before a judge and a record of the proceedings is required to be made. We see no necessity for any change in the present Arizona probation revocation procedure in these areas." 511 P.2d at 205, note 1.

Since there was a record of the proceedings in this case, we find no error in not giving appellant a written statement.

■ We agree with appellant's contention that he was denied a preliminary hearing. The trial court went right to the final hearing, omitting the preliminary hearing. At the August 21, 1973 hearing the State presented its case. Appellant had the opportunity to confront and cross-examine the State's witnesses. He presented witnesses and took the stand on his own behalf. At the conclusion of the hearing the judge found that he had violated the conditions of his probation, not that there was probable cause.

The sole determination at the August 31 hearing was therefore whether to revoke appellant's probation, which the judge did. At no time did appellant object to the fact that he had been denied a preliminary hearing. On appeal he now urges denial of a preliminary hearing. Since appellant made no objection below as to lack of a preliminary hearing, he may not do so now. State v. Magallanes, 110 Ariz. 235, 517 P.2d 505 (1973).

For the reasons stated herein, the judgment of the trial court is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.

---

1. Caveat; to assure a neutral and detached hearing body, we do not think it proper for a probation officer to furnish the court with information concerning the case or to discuss the case with the court prior to the final revocation hearing.