560 P.2d 807

**STATE of Arizona, Appellee,**

v.

**Peter Robert TURNBULL, Appellant.**

**Nos. 1 CA–CR 1905, 1 CA–CR 1942.**

Court of Appeals of Arizona,
Division 1,
Department C.

Jan. 11, 1977.

Rehearing Denied Feb. 18, 1977.

Review Denied March 8, 1977.

Bruce E. Babbitt, Atty. Gen. by Teresa S. Thayer, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Edmund T. Allen III, Deputy Public Defender, Phoenix, for appellant.

## OPINION

JACOBSON, Presiding Judge.

On May 12, 1975, appellant Peter Robert Turnbull was found guilty of possession of marijuana for sale, in violation of A.R.S. § 36–1002.06, as added Laws 1961, and possession of dangerous drugs, in violation of A.R.S. §§ 32–1970(C)(1), 32–1996(B) and 32–1901 and placed on five years' probation. On January 29, 1976 a petition to revoke appellant's probation was filed, alleging that appellant had violated the conditions or terms of his probation as follows:

"There is probable cause to believe that the defendant violated term no. 10, the defendant shall not possess or use any narcotics, including marijuana or dangerous drugs. On January 26th, 1976, St. Luke's Hospital's toxicology urinalysis lab report indicated the defendant was positive for morphine. There is probable cause to believe that the defendant violated term 15, the defendant failed to successfully complete the North Mountain Drug Rehabilitation Program. A letter from North Mountain Drug Program for Unsuccessful Discharge from N.A.R.A. has been sent to the U. S. Attorney's Office."

At the violation hearing conducted on March 8, 1976, the trial court, in response to a motion by appellant's counsel, excluded the use of the urinalysis report from the hearing because the sample had not been retained, and hence was not discoverable by

appellant. However, during the violation hearing the trial judge questioned appellant's probation officer concerning a statement contained in the officer's probation violation report that appellant had admitted to the officer on January 29, 1976, that "he had used dope." The officer confirmed that this admission was made by the appellant. In addition, the officer substantiated the violation of probation term No. 15, the failure of the appellant to complete the assigned drug rehabilitation program.

At the conclusion of the violation hearing the court found the appellant violated term 10 of the conditions of probation in that the appellant possessed or used narcotic drugs in violation of the law, and that the appellant failed successfully to complete the assigned drug program, in violation of term 15.

Appellant's first issue centers upon whether he has been deprived of due process of law when the revocation of his probation, upon a finding of use or possession of narcotic drugs, was substantiated by evidence, not specifically alleged in the petition to revoke, that is, the testimony of the probation officer as to appellant's admission of use. More precisely, appellant asserts that the failure to provide him with written notice of this evidence constituted a denial of due process in violation of the fourteenth amendment to the United States Constitution. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *State v. Settle,* 20 Ariz. App. 283, 512 P.2d 46 (1973).

In examining appellant's first contention, we must direct our attention to Rule 27.7, Rules of Criminal Procedure, 17 A.R.S. As recently amended, Rule 27.7 now expressly requires that the probationer be informed of each alleged violation of probation. Rule 27.7(a)(2), Rules of Criminal Procedure, 17 A.R.S., amended May 7, 1975, eff. Aug. 1, 1975. Moreover, in *State v. Settle, supra,* our own court discussed the minimum requirements of due process as enunciated by *Morrissey* and its progeny and concluded that the minimum requirements included,

*inter alia,* "written notice of the claimed violations of [probation or] parole." *Id.* at 285, 512 P.2d at 48.

Here, appellant was advised in the written petition to revoke probation of both the claimed violations, the use of narcotic drugs (term 10) and the failure to complete the assigned drug rehabilitation program (term 15). The instance of narcotics use to which the appellant admitted to his probation officer and about which the officer testified is the same factual event which the petition alleged to substantiate the violation. While the allegations in a petition to revoke probation do not require the same particularity of an indictment or an information, in all fairness, the allegations as to a violation should be fully and clearly set forth in the petition so that the probationer might be informed, by written notice, as to that which he will be called to defend. Although the petition alleged the factual evidence of a urinalysis test to substantiate the violation and the violation was substantiated by different evidence, the appellant, in our opinion, was fully advised by written notice of the alleged probation violation.

The appellant's second contention is that he was not afforded an impartial hearing on his revocation of probation because the trial court improperly reviewed the probation officer's investigative report prior to the hearing and initiated questioning of the probation officer as to appellant's admission of narcotics use contained in this probation violation report.

*Morrissey, supra,* mandates as yet another factor of "minimum due process" the requirement of a "neutral and detached hearing body" to determine if reasonable grounds for revocation existed. *Id.,* 408 U.S. at 489, 92 S.Ct. at 2604, 33 L.Ed.2d at 499. Essentially, *Morrissey's* "neutral and detached hearing body" requires simply an independent decision maker, one other than the correctional official who has made the initial report of violation or who has recommended revocation. This is satisfied by the matter being heard by a judge of the superior court. Simply because the judge reviewed the probation officer's investigative

**292**

report prior to the hearing and questioned the officer as to its contents does not, in and of itself, absent a showing of bias or prejudice, yield the conclusion that the hearing body is less than neutral or detached. Appellant relies heavily upon a caveat expressed by Division Two of this court in *State v. Moreno,* 21 Ariz.App. 462, 520 P.2d 1139 (1974) which notes as follows:

> "Caveat; to assure a neutral and detached hearing body, we do not think it proper for a probation officer to furnish the court with information concerning the case or to discuss the case with the court prior to the final revocation hearing." *Id.* at 464, note 1, 520 P.2d at 1141, note 1.

■ Although we do not consider the practice of reviewing the probation violation report entirely proper, we are of the opinion that without more, it is not, in itself, a manifestation of bias or prejudice nor a conclusive indication of a lack of impartiality. In our opinion, the proper indicia of partiality that would necessitate the disqualification of the trial court is a showing of bias and prejudice. The United States Supreme Court in *Berger v. United States,* 255 U.S. 22, 41 S.Ct. 230, 65 L.Ed. 481 (1921) clearly set forth that the alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits or some basis other than what the judge learned from his participation in the case. Herein, the record is devoid of any showing that the reading of a report which was supplied to all counsel resulted in actual bias and prejudice on the part of the court. Accordingly, the revocation of probation and sentence are affirmed.

HAIRE, J., and FROEB, C. J., Division 1, concur.