580 P.2d 10

**In the Matter of the APPEAL IN MARICOPA COUNTY JUVENILE ACTION NO. J–83341–S.**

**No. 1 CA–JUV 58.**

Court of Appeals of Arizona,
Division 1,
Department A.

April 25, 1978.

Review Denied June 6, 1978.

Charles F. Hyder, Maricopa County Atty. by Judith C. Ruhl O'Neill, Deputy County Atty., Phoenix, for appellant.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellee.

## OPINION

NELSON, Judge.

This appeal presents the question whether an appeal by the State to this Court from a juvenile court determination that appellee has not violated the terms of his juvenile probation is barred by the double jeopardy clause of the Fifth Amendment to the United States Constitution. Also raised is the question whether hearsay evidence may be introduced in juvenile probation revocation hearings, and whether such hearsay can form the basis for a revocation. Appellee juvenile was placed on juvenile probation in the fall of 1976. On July 27, 1977, a petition was filed charging the juvenile with two counts of probation violation, count one being petty theft and count two, robbery. The petition was assigned to juvenile court referee Robert A. Budoff for a hearing and recommendation. At the hearing before the juvenile referee, the State introduced evidence to support the allegations of the petition. Count one was supported by the eyewitness account of a police officer who observed the apparent theft. The rest of

the evidence supporting count one consisted of the identification by the victim of the property taken in the theft which came into evidence through hearsay testimony of the police officer. The events surrounding the robbery in count two were also supported by the testimony of a police officer who recounted the events as explained to him by the victim. The State also offered into evidence a photograph of the victim with the stolen property. Apparently both of the victims were transients who did not wish to remain in the area for trial. The referee found that the allegations in the petition had been proven by a preponderance of the evidence and, therefore, in his recommendations found that the juvenile was in violation of the terms and conditions of his probation.

Appellee secured an adjudication rehearing of the referee's recommendation before the trial judge, and the matter was reheard on the basis of a stipulated set of facts. The trial judge ruled that hearsay was not admissible in a juvenile probation violation hearing, and therefore dismissed count two outright, since the only direct evidence supporting it was hearsay. However, the trial judge found that there was sufficient evidence to establish the offense alleged in count one, specifically the eyewitness account of the police officer, and an admission which the juvenile made to the police.

Thereafter, in a motion for rehearing, the State brought to the trial judge's attention the fact that an error had been made by the parties in the stipulated facts. In particular, the stipulation contained admissions which the juvenile had made to the police officer following his arrest which had not been entered into evidence before the referee at the original violation hearing. After being advised of the foregoing, the trial judge held that without the admission of the appellee, there was insufficient evidence to sustain the allegations of count one, and it was also dismissed. The State then appealed to this Court, pursuant to Rule 24, Juvenile Court Rules, 17A A.R.S., contending that the hearsay statements of the officers should have been admitted at the violation hearing. The juvenile filed a response contending that the juvenile court rules did not permit the introduction of hearsay evidence in juvenile probation hearings, and that the provisions of Rule 27.-7(b)(3), Rules of Criminal Procedure, 17 A.R.S., were inapplicable in juvenile proceedings. The juvenile then filed a motion to dismiss the appeal, contending that allowing the State to appeal from the juvenile court's determination that the State had not established a violation of the terms and conditions of probation was a violation of the double jeopardy clauses of the United States and Arizona Constitutions. After considering the motion to dismiss and the response from the State, this Court ordered additional memoranda from counsel on the double jeopardy issue raised by the motion.

The State is granted the right of appeal from final orders of the juvenile court by statute:

"Any aggrieved party may appeal from a final order of the juvenile court to the court of appeals in the same manner as any other appeal from the superior court except the name of the child shall not appear in the record of the appeal, the juvenile court record number assigned to that case substituting therefor." A.R.S. § 8–236(A).

Although it has long been held that the state may not appeal a verdict of acquittal, *Ball v. United States*, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896), this has never meant that the double jeopardy clause forbids all state appeals. It permits appeals by the state in certain cases where there is statutory authorization for such an appeal which does not violate the constitutional prohibitions against double jeopardy. *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975). Arizona has for some time authorized certain appeals by the State in criminal cases, for example, from an illegal sentence or an order granting a motion to suppress the use of evidence. A.R.S. § 13–1712.

Double jeopardy limits on the right of the government to appeal were recently explored in *United States v. Martin Linen*

*Supply Company*, 430 U.S. 564, 97 S.Ct. 1349, 51 L.Ed.2d 642 (1977). There the Supreme Court noted that the primary prohibition of the double jeopardy clause is against the threat of multiple prosecutions for the same offense. Before this prohibition comes into effect, however, two threshold conditions must be satisfied. The first is that the accused must have actually been placed in jeopardy. Jeopardy has been defined as follows:

"The 'twice put in jeopardy' language of the Constitution . . . relates to a potential, i. e., the risk that an accused for a second time will be convicted of the 'same offense' for which he was initially tried." *Price v. Georgia*, 398 U.S. 323, 327, 90 S.Ct. 1757, 1759, 26 L.Ed.2d 300 (1970).

At its most basic level, then, jeopardy is the risk of conviction. The second condition identified in *Martin Linen Supply Company, supra,* for animating the prohibition against multiple prosecutions is that the government appeal must present a threat of successive prosecutions. We find that neither of these pre-conditions is satisfied in this case.

■■■ We recognize that probation is not to be considered a matter of grace, "but is a liberty protected by the 14th Amendment of the United States Constitution, a liberty of which the probationer may not be deprived without due process of law, including the right to confront and examine one's accusers." *State v. Brown*, 23 Ariz.App. 225, 230, 532 P.2d 167, 172 (1975), approved in part, 112 Ariz. 29, 536 P.2d 1047 (1975). But while a juvenile court adjudication of delinquency places a juvenile in jeopardy so that the child cannot be reprosecuted as an adult in superior court for the same crime, *Breed v. Jones*, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346 (1975), a juvenile's probation violation hearing is an entirely different matter.

■■ A juvenile accused of a probation violation is not placed in jeopardy. Before a juvenile can be placed on probation, there must have already been a prior adjudication of delinquency. The State at a probation violation hearing may establish a violation of probation by a preponderance of the evidence rather than by proof beyond a reasonable doubt. The Supreme Court of Arizona said in *In re Maricopa County, Juvenile Action No. J–72918–S*, 111 Ariz. 135, 524 P.2d 1310 (1974):

"Even as the grounds for revocation of an adult's probation may include acts which constitute a criminal offense this is not the deciding factor in determining the nature of the hearing. An adult accused of violating the terms of his probation by having committed a criminal offense is subject to the process of a revocation hearing rather than a full-blown criminal trial. Even though probation revocation results in a loss of liberty it is not considered a stage of the criminal prosecution. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). In similar fashion the revocation of a juvenile's probation is not a part of the finding of delinquency. This determination must have already been made, and the issue presented to the court is essentially whether there should be a change in the form or course of rehabilitation which had heretofore been ordered. Such a determination, while certainly affecting the liberty of the juvenile, could only occur after an original finding of delinquency which brings into action the attendant consequences of such a status." 111 Ariz. 135 at 137, 524 P.2d 1310 at 1312.

The Supreme Court of California has held that evidence that a probationer has committed a criminal offense may be considered in a probation revocation hearing even where the probationer has been previously acquitted of that criminal offense. *In re Coughlin*, 16 Cal.3d 52, 127 Cal.Rptr. 337, 545 P.2d 249 (1976); *see also State v. Jameson*, 112 Ariz. 315, 541 P.2d 912 (1975). This is possible only because a probation revocation hearing is not a criminal prosecution and consideration of that kind of evidence would, therefore, not be a reprosecution within the double jeopardy clause's prohibition against multiple punishments. *State v.*

*Jameson, supra; State v. Simmerman,* 118 Ariz. 298, 576 P.2d 157 (filed February 28, 1978, App.). Appellee was not placed in jeopardy by reason of the probation revocation hearing because that hearing carried for him no risk of criminal conviction. Similarly, a rehearing following a reversal on appeal could not involve a reprosecution. We therefore hold that the prohibition of the double jeopardy clause against multiple prosecutions is not violated by allowing the state to appeal in this case.

Appellee places special reliance on *Aldridge v. Dean,* 395 F.Supp. 1161 (D.Md. 1975). In *Aldridge,* the court was considering Maryland's juvenile rules which, in delinquency cases, provided for an adjudicatory hearing to be held by a master assigned to the juvenile division. Under Maryland's rules the master could hear evidence presented by the state's attorney and could make findings that the charge had been sustained or not sustained, i. e., that the child was or was not a delinquent. If the master found that the charge of delinquency had not been sustained, then the master recommended to the judge that the case be dismissed. Thereupon the state's attorney could file written exceptions and request a hearing *de novo* before the juvenile court judge. The district court judge in *Aldridge* held that allowing the state to receive a *de novo* hearing before a juvenile court judge violated the double jeopardy clause. It reasoned that jeopardy attached when the state began to offer evidence in an adjudicatory hearing before a master and that, therefore, the trial *de novo* before a juvenile court judge subjected the juvenile to being twice placed in jeopardy.

As in Maryland, the recommendation of an Arizona referee is only conditional. There is no final order of delinquency until the juvenile referee's recommendation has been confirmed by the juvenile court judge. A.R.S. § 8–231(F). In this jurisdiction as well as in California, conditional orders of a juvenile court referee have been found to attach no jeopardy. *In re Maricopa County Juvenile Action No. J–75658–S,* 26 Ariz. App. 519, 549 P.2d 614 (1976); *Jesse W. v. Superior Court of San Mateo County,* 63 Cal.App.3d 408, 133 Cal.Rptr. 870 (1976). However, we need not determine the applicability of the *Aldridge* rationale finding double jeopardy to the instant case because *Aldridge* was concerned with findings of delinquency, and, as we have already explained, the case before us concerns a probation revocation hearing which is not a criminal prosecution. (The United States Supreme Court in a similar case to *Aldridge* has noted probable jurisdiction. *Brady v. Swisher,* 436 F.Supp. 1361 (D.Md.1977), *probable jurisdiction noted,* 434 U.S. 963, 98 S.Ct. 501, 54 L.Ed.2d 449 (1977)). Therefore, we hold that the state may, pursuant to A.R.S. § 8–236(A), appeal to this Court from a juvenile court dismissal of a petition to revoke juvenile probation without the juvenile being subjected to the possibility of double jeopardy.

■ Turning now to the State's main contention that hearsay should be admissible at juvenile probation violation hearings, just as it is in adult probation violation hearings, we take as our point of departure this Court's opinion in *State v. Brown, supra.* *Brown* discussed the limits of Rule 27.7(b)(3) (then 27.7(c)(3)), Rules of Criminal Procedure, 17 A.R.S., which says that in a probation violation hearing, the court may receive any reliable evidence not legally privileged, including hearsay. Since the probation violation process is not a stage of the criminal prosecution, *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the right to confrontation would not be "of the same scope as afforded in the trial stage of the prosecution". *State v. Brown, supra,* 23 Ariz.App. 225 at 230, 532 P.2d 167 at 172. This Court noted that in *Gagnon v. Scarpelli, supra,* the Supreme Court said:

" 'An additional comment is warranted with respect to the rights to present witnesses and to confront and cross-examine adverse witnesses . . .. While in some cases there is simply no adequate alternative to live testimony, we emphasize that we did not in Morrissey intend to prohibit use where appropriate of the conventional substitutes for live testimo-

ny . . ..' 411 U.S. at 782, n. 5, 93 S.Ct. at 1760." 23 Ariz.App. 225 at 231, 532 P.2d 167 at 173.

 There is no counterpart in the juvenile rules to Rule 27.7(b)(3) allowing the use of reliable evidence not legally privileged, including hearsay. However, we believe that as a constitutional matter, there is no requirement that a juvenile probationer be extended the same confrontation rights as he would be extended in the course of a delinquency adjudication. Consequently, we see no impediment on constitutional grounds to the admission into evidence at a juvenile probation violation hearing of reliable hearsay evidence.

The trial court ruled that the hearsay evidence was inadmissible. In this regard the court erred. The trial court never exercised its discretion as to the "reliability" (*State v. Brown, supra*) of the hearsay and we do not believe the record before this Court puts us in a position to do so in the first instance. While there were several officers on the scene, at least one of whom could identify the juvenile as the one seen participating in one incident, and another of whom helped apprehend the juvenile after the second incident and observed the victim make a positive identification, it is unclear as to whether these officers were the ones who testified as to both their own observations and identification of the juvenile as well as the contemporaneous hearsay at the scene of the incident, or whether other officers testified as to the hearsay of the victims as a result of subsequent questioning, or both. We perceive a considerable difference in "reliability" of the hearsay testimony, depending upon which officers testify. In any event, the discretion as to the quality of the evidence in this instance is vested primarily in the trial court, who personally observes witnesses and weighs the testimony. *State v. Brown, supra.*

The appellee's motion to dismiss the appeal is denied, and the order of the trial court dismissing the petition to revoke the juvenile's probation is hereby reversed.

The cause is remanded for further proceedings consistent with this opinion.

HAIRE, P. J., and FROEB, C. J., concurring.