667 P.2d 1323

**Kenneth Richard SPENCER, Petitioner,**

v.

**COCONINO COUNTY SUPERIOR COURT, DIVISION 3, and the Honorable John H. Grace, a judge thereof, Respondents,**

**and**

**The STATE of Arizona, Real Party in Interest.**

No. 16609–SA.

Supreme Court of Arizona, En Banc.

Aug. 3, 1983.

Aspey, Watkins & Diesel by Frederick M. Aspey, and Louis Diesel, Flagstaff, for petitioner.

John Verkamp, Coconino County Atty. by Terence C. Hance Deputy County Atty., Flagstaff, for respondents.

HAYS, Justice.

This special action was filed after the respondent trial court denied petitioner's motion to dismiss a two-count indictment which he urged was duplicitous and, therefore, unconstitutionally vague. The indictment charges incest and child molestation in the following language:

### Count I

From July, 1979 through January, 1983, KENNETH RICHARD SPENCER, and Kandy Spencer persons within the degrees of consaguintity [sic] within [which] marriages are declared by [law] to be incestuous and void, knowingly committed fornication in violation of A.R.S. §§ 13–3608, 13–701, and 13–801, a class 4 felony.

### Count II

For a further and separate cause of action being a different offense of the same class of crimes and offenses set forth in Count I, *the grand jurors* of Coconino County, Arizona accuse: KENNETH RICHARD SPENCER, charging that in Coconino County, Arizona: from July, 1979 through August 1980, KENNETH RICHARD SPENCER knowingly molested Kandy Spencer, a child under the age of 15 years, a class 2 felony, in violation of A.R.S. §§ 13–1410, 13–701, and 13–801.

The text of these two accusations, even when read in conjunction with the nonspecific allegations presented to the grand jury, present the question of whether the respondent judge abused his discretion by denying Spencer's motion to dismiss the two-count indictment which actually charged as many as one hundred separate offenses. We accepted jurisdiction pursuant to article 6, § 5 of the Arizona Consti-

tution, and rule 4 of the Rules of Procedure for Special Actions, 17A A.R.S. We find that the indictment does not properly charge one offense per count and, accordingly, we order that the respondent court vacate its order denying petitioner's motion and enter a new order dismissing this prosecution without prejudice.

The facts necessary to resolution of the issue presented are these. About a month before her father's indictment, petitioner's daughter, the victim, went to the Department of Economic Security at the urging of a girlfriend and reported that she had been having sexual intercourse with her father approximately twice a week since they moved to Arizona in July, 1979. The girl reported further that this activity had continued until a month or less before she made her report. A Flagstaff Police Department detective reported these allegations to the grand jury. The same detective, in his grand jury testimony, also related that he had confronted petitioner with his daughter's allegations of sexual exploitation after he had arrested Spencer. At that time Spencer admitted to having sexual intercourse with his daughter 13 or 14 times since they moved to Arizona.

■ The law in Arizona is clear that each separate offense must be charged in a separate count. *State v. Axley,* 132 Ariz. 383, 646 P.2d 268 (1982), 17 A.R.S. Rules of Criminal Procedure, rule 13.3(a). An indictment which does not comport with the mandate of rule 13.3 by charging separate crimes in the same count is duplicitous. Duplicitous indictments are prohibited because they fail to give adequate notice of the charge to be defended, because they present the hazard of a non-unanimous jury verdict and because they make a precise pleading of prior jeopardy impossible in the event of a later prosecution. *Wong Tai v. United States,* 273 U.S. 77, 47 S.Ct. 300, 71 L.Ed. 545 (1927); *State v. O'Brien,* 123 Ariz. 578, 601 P.2d 341 (App.1979). A criminal defendant, regardless of the nature of the charging document, has a fundamental right to reasonable notice of the criminal

acts charged against him. *State v. Tison,* 129 Ariz. 526, 538, 633 P.2d 335, 347 (1981).

■ The admissions of petitioner Spencer and the statements of his alleged victim (as related by the witness before the grand jury) establish that the two charges brought by the grand jury are based upon allegations of numerous episodes of sexual misconduct. For purposes of Spencer's present contention, we must determine if each of these episodes constitutes a separate offense within the intendment of *State v. Axley, supra,* and rule 13.3. We find that they are separate offenses and that the instant indictment is fatally defective because it is duplicitous.

■ The crime of incest, as defined in A.R.S. § 13–3608, is the act of fornication or adultery between members of certain classes of people. We hold that each occurrence of such a prohibited act is a separate offense under this statute. *See State v. O'Brien, supra,* (each separate sale of a real property security without a permit, under A.R.S. § 44–2066.03, is a separate offense). Similarly, A.R.S. § 13–1410 defines child molestation as engaging in, or inducing in the victim, certain sexually motivated conduct. We hold, again under the reasoning of *O'Brien,* that each incident of the conduct proscribed by § 13–1410 is a separate offense.

The state has cited us to two cases from the courts of other states in support of its contentions that the instant indictment is not duplicitous and gives adequate notice. *People v. Barlow,* 88 A.D.2d 668, 451 N.Y. S.2d 254 (1982), relies on a 1973 New York decision which implies that an ongoing course of sexual misconduct is one continuing crime. *People v. Yonko,* 41 A.D.2d 514, 339 N.Y.S.2d 837 (1973). The state has not cited, and we have not discovered, any corresponding Arizona authority. Our holding is based on the plain wording of A.R.S. §§ 13–1410 and 13–3608, and we find *Barlow* and *Yonko* to be less than persuasive.

The state's other case, *State v. Case,* 357 So.2d 498 (La.1978), involves procedural facts which clearly distinguish it from the

case at bench. Case was originally charged with aggravated rape on a date certain. The state later amended the charge to allege that the sexual misconduct occurred "during 1972, 1973 and 1974." This later amendment evoked the Louisiana defendant's unsuccessful objection that the charge was impermissibly vague. By contrast, Spencer has never been provided with the kind of particular factual allegation initially supplied to Case. Rather, Spencer is charged by an indictment which puts him in jeopardy, in only two counts, for any one of what could be one hundred separate criminal offenses.

The indictment is inadequate by virtue of its duplicity. Accordingly, we grant petitioner the relief requested and order that respondent court vacate its order denying petitioner's motion to dismiss and that respondent court enter a new order dismissing this prosecution without prejudice.

So ordered.

HOLOHAN, C.J., GORDON, V.C.J., and CAMERON and FELDMAN, JJ., concur.