IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

THE STATE OF ARIZONA,          )
                               )          2 CA-CR 2011-0106
                   Appellee,   )          DEPARTMENT A
                               )
         v.                    )          O P I N I O N
                               )
JERROLD DEAN BROMAN,           )
                               )
                   Appellant.  )
_____)

APPEAL FROM THE SUPERIOR COURT OF COCHISE COUNTY

Cause No. CR200600044

Honorable James L. Conlogue, Judge

AFFIRMED

Thomas C. Horne, Arizona Attorney General
  By Kent E. Cattani and Nicholas Klingerman                              Tucson
                                                           Attorneys for Appellee

Joel A. Larson, Cochise County Legal Defender                            Bisbee
                                                           Attorney for Appellant

E C K E R S T R O M, Presiding Judge.

¶1     Appellant Jerrold Broman was convicted pursuant to a plea agreement of failing to register as a sex offender and was placed on probation. In this appeal, he challenges the trial court's revocation of probation after a contested violation hearing and its imposition of a 2.5-year prison term. Broman argues the petition to revoke his probation was "duplicitous" because it alleged in a single count that he had "unlawfully possess[ed] child pornography (10 counts)," and the state introduced over forty images at the hearing to prove the allegation. He also claims the court's finding that he had violated probation was arbitrary and unsupported by any theory of the evidence because nothing directly linked him to the images introduced at the hearing. We affirm for the reasons that follow.

**Factual and Procedural Background**

¶2     After Broman's probation officer saw pornography on Broman's computer during a residence check, the computer was seized and numerous images of child pornography were discovered on its hard drive. In a subsequent interview with a police detective, Broman admitted he had known about and seen child pornography on his computer, but he claimed he had deleted it upon seeing it, and he attributed its presence there to "people in the neighborhood that use his computer," some of whom enter his home "in the middle of the night to use his computer without him knowing."

¶3     The state filed a petition to revoke probation which, as noted above, contained a single allegation that Broman had "possess[ed] child pornography (10 counts)" on the date of the probation officer's visit. Broman waived the reading of the

allegation at his arraignment and made no objection to the petition's lack of specificity during his violation hearing. At the hearing, the state introduced at least forty images of child pornography taken from Broman's computer[1] and elicited testimony he had possessed even more. Based on this evidence, the trial court determined Broman had violated his probation. The court expressly found "there were ten or more images which . . . Broman received or possessed that depict minors in explicit exhibition."

**Discussion**

¶4        Broman acknowledges that because he did not raise any duplicity objection below, he has the burden of establishing error occurred and that the error was both fundamental and prejudicial. *See State v. Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d 601, 607-08 (2005). He concedes he has found no authority to support his claim that the law regarding duplicitous charges and indictments applies to probation revocation proceedings. We conclude the reason for this dearth of authority is that the substantive and procedural rights involved in criminal trials are markedly different than those in probation proceedings; thus, the law regarding duplicity does not apply in the probation context.

¶5        As our supreme court explained in *Spencer v. Superior Court*, 136 Ariz. 608, 610, 667 P.2d 1323, 1325 (1983), a "duplicitous" indictment—one "charging separate crimes in the same count"—is prohibited by law because it fails "to give

---

[1]Broman has not included any of the exhibits admitted at the hearing in the record on appeal.

3

adequate notice of the charge to be defended," risks a nonunanimous verdict, and makes a precise pleading of double jeopardy impossible in the event of a future prosecution. Similar problems relating to notice, jeopardy, and unanimity arise from duplicitous charges.[2] *State v. Klokic*, 219 Ariz. 241, ¶ 12, 196 P.3d 844, 847 (App. 2008).

¶6        In a probation revocation proceeding, however, a defendant's double jeopardy rights are not implicated. This is because the proceeding does not create a risk of conviction and therefore does not place a probationer in jeopardy within the meaning of the constitution. *In re Maricopa Cnty. Juv. Action No. J-83341-S*, 119 Ariz. 178, 181, 580 P.2d 10, 13 (App. 1978); *see Lemke v. Rayes*, 213 Ariz. 232, n.2, 141 P.3d 407, 411 n.2 (App. 2006) ("The double jeopardy protections extended by the Arizona Constitution are coextensive with those provided by its federal counterpart."). Although Broman relies on language from *State v. Simmerman*, 118 Ariz. 298, 300, 576 P.2d 157, 159 (App. 1978), to support his view that double jeopardy principles prohibit successive petitions to revoke probation based on the same allegations, that language is mere dicta, not the holding of the case. Furthermore, as Broman acknowledges, probation proceedings also are distinguishable from criminal prosecutions in that a single judge is always the trier of fact; there is no jury and therefore no possibility of a nonunanimous decision. *See* Ariz.

---

[2]We explained the distinction between a duplicitous indictment and a duplicitous charge in *State v. Paredes-Solano* as follows: "A duplicitous charge exists '[w]hen the text of an indictment refers only to one criminal act, but multiple alleged criminal acts are introduced to prove the charge.'" 223 Ariz. 284, ¶ 4, 222 P.3d 900, 903 (App. 2009), *quoting State v. Klokic*, 219 Ariz. 241, ¶ 12, 196 P.3d 844, 847 (App. 2008) (alteration in *Paredes-Solano*).

R. Crim. P. 27.8(b)(4) (requiring court to "make specific findings of the facts which establish the violation"). The law of duplicity is thus inapposite in a probation hearing.

¶7 Due process, of course, entitles a probationer to adequate notice of any allegation that might result in the revocation or modification of probation. *State v. Stotts*, 144 Ariz. 72, 80, 695 P.2d 1110, 1118 (1985); *State v. Turnbull*, 114 Ariz. 289, 290, 560 P.2d 807, 808 (App. 1977); *see Maricopa Cnty. J-83341-S*, 119 Ariz. at 181, 580 P.2d at 13; *see also* Ariz. R. Crim. P. 27.8(a)(2) (requiring court to "inform the probationer of each alleged violation of probation" at revocation arraignment). Thus, even though duplicity law does not apply to probationers, principles of due process require a degree of specificity with respect to the allegations that must be proven by the state. As this court stated in *Turnbull*:

> While the allegations in a petition to revoke probation do not require the same particularity of an indictment or an information, in all fairness, the allegations as to a violation should be fully and clearly set forth in the petition so that the probationer might be informed, by written notice, as to that which he will be called to defend.

114 Ariz. at 291, 560 P.2d at 809.

¶8 Broman basically argues he was deprived of notice essential to the preparation of his defense. Even assuming we were to agree with Broman that, in the abstract, a combination of imprecise allegations, overabundant evidence, and nonspecific findings by a trial court can deprive a probationer of due process, he would not be entitled to relief in any event. Again, having failed to object, Broman has the burden of

5

establishing he was prejudiced by error that was fundamental. *Henderson*, 210 Ariz. 561, ¶¶ 19-20, 115 P.3d at 607. Broman has not shown prejudice here.

¶9 As the state points out, Broman's defense was a blanket denial that he voluntarily had possessed any of the illicit images found on his computer. Broman suggests that more details about the illicit images would have provided him with additional defenses. But he has not shown these defenses were anything more than speculative. Although it is unclear here which images provided the specific bases for the trial court's determination that Broman had violated the terms and conditions of probation, it is undisputed on appeal that the images admitted at the hearing constitute child pornography. Broman's own admissions, together with the court's apparent rejection of his implausible explanation of how child pornography ended up on his computer, provided a sufficient basis for the court's determination that the state had sustained its burden of proving the violation by a preponderance of the evidence. *See* Ariz. R. Crim. P. 27.8(b)(3); *State v. Vaughn*, 217 Ariz. 518, ¶¶ 14, 18, 176 P.3d 716, 719, 720 (App. 2008). Under the circumstances, therefore, we do not find any prejudice from the alleged errors. *Cf. State v. Ramsey*, 211 Ariz. 529, ¶ 7, 124 P.3d 756, 760 (App. 2005) (denying relief when defendant "[did] not specifically articulate[] how his defense was impaired or prejudiced by the indictment against him").

**Disposition**

¶10     The trial court's revocation of probation and imposition of sentence are affirmed.

/s/ *Peter J. Eckerstrom*

PETER J. ECKERSTROM, Presiding Judge

CONCURRING:

/s/ *Joseph W. Howard*

JOSEPH W. HOWARD, Chief Judge

/s/ *J. William Brammer, Jr.*

J. WILLIAM BRAMMER, JR., Judge