NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

TREMAINE NEAL, *Petitioner*.

No. 1 CA-CR 17-0384 PRPC
FILED 5-22-2018

Petition for Review from the Superior Court in Maricopa County
No. CR2013-002031-001
The Honorable Teresa A. Sanders, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Gerald R. Grant
*Counsel for Respondent*

Tremaine Neal, Kingman
*Petitioner*

---

**MEMORANDUM DECISION**

Presiding Judge Michael J. Brown delivered the decision of the Court, in which Judge Maria Elena Cruz and Judge David W. Weinzweig joined.

---

**B R O W N**, Judge:

¶1          Tremaine Neal petitions this court for review from the dismissal of his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1.   We have considered the petition for review and, for the reasons stated, grant review and deny relief.

## FACTUAL AND PROCEDURAL HISTORY

¶2          In April 2013, Neal was indicted on three counts of sexual conduct with a minor under fifteen years of age, all class two felonies and dangerous crimes against children, occurring between December 2012 and January 2013.   In November 2014, he pleaded guilty to three counts of attempt to commit molestation of a child in violation of Arizona Revised Statutes ("A.R.S.") sections 13-1001 and 13-1410,[1] all class three felonies and dangerous crimes against children.   The plea agreement contained a stipulated sentence of 10 years' imprisonment for the first count and lifetime probation on the remaining counts.  After a thorough plea colloquy, the court accepted the guilty plea and sentenced Neal in accordance with the plea agreement.

¶3          In February 2016, Neal filed an untimely notice of post-conviction relief advising the failure to timely file was not his fault.  The court appointed counsel who, after reviewing the record and discussing the case with Neal, could not identify any colorable or meritorious claims.  Neal then filed a *pro se* petition for post-conviction relief alleging his convictions violated double jeopardy; his sentences were illegally enhanced, excessive, and violated equal protection; he did not knowingly and intelligently enter the plea agreement; and his counsel was ineffective by failing to identify the purported double jeopardy and sentencing errors.  After full briefing, the superior court summarily dismissed the petition finding that Neal had

---

[1]          Absent material changes from the relevant date, we cite a statute's current version.

failed to state any colorable claims that would entitle him to relief. Neal raises the same claims in his petition for review.

## DISCUSSION

**¶4** We will not disturb a superior court's ruling on a petition for post-conviction relief absent an abuse of discretion. *State v. Miles*, 243 Ariz. 511, 514, ¶ 7 (2018). We do not review the record in a post-conviction relief proceeding for fundamental error. *See State v. Smith*, 184 Ariz. 456, 460 (1996). Thus, on review, Neal bears the burden of establishing error. *See State v. Poblete*, 227 Ariz. 537, 538, ¶ 1 (App. 2011).

**¶5** Neal argues he cannot be charged with and sentenced to three separate and distinct acts of attempted child molestation because they occurred on the same day and involved the same victim. However, our supreme court has held that "each incident of the conduct proscribed by [A.R.S.] § 13-1410 is a separate offense." *Spencer v. Coconino Cty. Superior Court*, 136 Ariz. 608, 611 (1983). The facts underlying the plea agreement establish that Neal committed three separate crimes (attempted child molestation) through three separate and distinct acts. Accordingly, Neal fails to state a colorable claim of double jeopardy.

**¶6** Neal argues his sentences were illegal and excessive. We disagree. Neal was sentenced to the presumptive term of 10 years' imprisonment for the first count of attempted child molestation. *See* A.R.S. § 13-705(J). A sentence is not unlawful if it is within the statutory range. *See State v. House*, 169 Ariz. 572, 573 (App. 1991). Neal was also given lifetime probation as an alternative to prison for the remaining two counts. *See* A.R.S. § 13-902(E) (authorizing the court to impose a term of probation after a conviction for attempted molestation "up to and including life" if probation is available and "the court believes [it] is appropriate for the ends of justice"). Moreover, "[p]robation is not a sentence." *State v. Muldoon*, 159 Ariz. 295, 298 (1988). The record reflects Neal was sentenced in accordance with the laws in effect at the time of his offense, and he cites no authority suggesting otherwise.

**¶7** Neal also argues his sentences violate equal protection. Although he identifies several situations where he believes more serious crimes are granted more lenient sentences, none of these scenarios involve the statute under which Neal was sentenced: A.R.S. § 13-705(J). *See State v. McPherson*, 228 Ariz. 557, 563-64, ¶¶ 17-21 (App. 2012) (rejecting argument that classifying and punishing possession of child pornography as a dangerous crime against children is violative of equal protection because it

is "less serious" than other dangerous crimes against children which are eligible for less severe punishment). The legislature's prescription of harsh sentences for dangerous crimes against children does not violate equal protection.

¶8        Neal next claims that his plea was not knowing or intelligent. The record belies his claim. The settlement conference transcript shows that Neal understood the charges against him, asked questions about the applicable law, expressed his opinion as to the fairness of the plea offer, and requested and received more time to consider the offer. At the change of plea hearing, Neal indicated he was not on any medications, read and understood the plea agreement, went over the agreement with his attorney in detail, had not been coerced, agreed with the sentence, understood he could only withdraw for manifest injustice, and avowed that he was entering into the agreement voluntarily. Disputes regarding the voluntariness of a plea are meritless, where, as here, the trial court creates a record evidencing an effective waiver. *See State v. Hamilton*, 142 Ariz. 91, 92-93 (1984).

¶9        Neal's claims of ineffective assistance of counsel hinge on a finding that his convictions and sentences were illegal. Because we find no error, Neal cannot demonstrate deficient performance or prejudice. *See State v. Nash*, 143 Ariz. 392, 397, 399-400 (1985) (using the test for ineffective assistance of counsel as outlined in *Strickland v. Washington*, 466 U.S. 668 (1984)). Accordingly, his claim of ineffective assistance of trial counsel fail.

**CONCLUSION**

¶10        We grant review and deny relief.



AMY M. WOOD • Clerk of the Court
FILED:   AA

4