NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

DOMINGO GONZALES, *Petitioner*.

No. 1 CA-CR 24-0539 PRPC

FILED 12-16-2025

Petition for Review from the Superior Court in Maricopa County
No. CR2011-151489-001
The Honorable Therese Ann Gantz, Judge *Pro Tempore*

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Faith Cheree Klepper
*Counsel for Respondent*

Maricopa County Office of the Legal Advocate, Phoenix
By Colin F. Stearns
*Counsel for Petitioner*

**MEMORANDUM DECISION**

Judge Andrew M. Jacobs delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge Michael S. Catlett joined.

**J A C O B S**, Judge:

¶1        Domingo Gonzales ("Gonzales") petitions this court for review from the dismissal of his petition for post-conviction relief filed under Arizona Rule of Criminal Procedure ("Rule") 33. For the reasons stated below, we grant review of his petition but deny the relief he requests.

## FACTUAL AND PROCEDURAL HISTORY

### A.        Gonzales Violates the Conditions of His Probation.

¶2        Gonzales pled guilty to four counts of attempted molestation of a child and was sentenced to 10 years' imprisonment on one count, and the superior court "suspend[ed] imposition or execution of sentence and . . . plac[ed] the defendant on" lifetime probation for the remaining three counts. He was released from prison to probation in 2020.

¶3        In 2023, the State petitioned to revoke Gonzales' probation. At the probation revocation hearing, Gonzales admitted he violated the condition that he not consume alcohol. Before the court accepted Gonzales' admission, he confirmed he: had consumed no drugs, alcohol, or medication in the past 24 hours; understood the rights he was waiving by admitting a violation; and understood the court could reinstate him to probation, impose up to a year of jail time, or sentence him to prison for 5 to 15 years on each count. After the court accepted Gonzales' admission, it moved immediately to disposition at defense counsel's request.

¶4        The State informed the court that the Adult Probation Department ("Probation") was recommending reinstatement to probation with the condition that Gonzales serve 120 days in jail. Gonzales asked the court to reinstate him but to defer the jail time so he could seek treatment at a sober living facility or, if it did not defer jail time, to give him an opportunity for early release into a treatment program. After Gonzales spoke, the State said it had just received additional information from another prosecutor on the case, and was asking for 120 days of jail time up front.

### B.        After Gonzales Addresses the Court, it Rejects the State's and Probation Department's Recommendation to Reinstate Gonzales' Probation and Imposes a Thirty-Year Sentence.

¶5        The court asked Gonzales if he wished to speak and Gonzales explained why he believed a sober living facility would help him more than jail. After that, the court ordered reinstatement of Gonzales' probation:

THE COURT: Well, I appreciate that, but I am going to remand you and sentence you to jail.

It is the finding of the Court the Defendant violated the terms and conditions of probation Count 2, 3, and 5 in place on 5/4/2020. It is further ordered reinstating him into the lifetime probation attaching intensive probation for the dependency terms – pre-releasage terms.

As to Count 3, reinstating him into lifetime probation. It is ordered attaching intensive probation for dependency terms, pre-releasage terms.

¶6          But then Gonzales requested that he be sentenced to prison. The court reminded Gonzales that a prison term would run thirty years. The State recommended reinstating probation, which the court had already ordered done, but with the condition of 120 days in jail. The court reaffirmed, as Gonzales continued objecting to jail time, that it was sentencing Gonzales to 120 days of jail:

THE DEFENDANT: Can you just do the prison?

THE COURT: You want to do prison on all three counts?

THE DEFENDANT: Yeah.

THE COURT: Do you --

THE DEFENDANT: Yup.

THE COURT: -- you're facing --

THE DEFENDANT: -- I -- I --

THE COURT: -- ten years on each?

THE DEFENDANT: Yeah. Yeah.

[THE PROSECUTOR]: And just to put on the record, the Defendant cannot reject probation --

THE COURT: Right.

[THE PROSECUTOR]: -- because this is lifetime probation, and [the other prosecutor on the case] has a note that if

revoked, the DCAC DOC terms must be consecutive to each other and all others.

THE COURT: That's 30 years, sir.

Do you want to be heard further, Ms. [Prosecutor]?

[THE PROSECUTOR]: Your Honor, the State's recommendation is to reinstate the lifetime probation with the 120 days jail, IPS sex offender series --

THE COURT: Okay.

[THE PROSECUTOR]: -- abusage terms.

THE COURT: I'm going to reinstate you.

THE DEFENDANT: I don't want it.  I don't want it.

THE COURT: I understand.

THE DEFENDANT: Give me the prison, please.

THE COURT: No.  I am going to sentence him to four months in jail.

¶7        Gonzales kept objecting to prison, and swore twice as he did, prompting the court to warn him against outbursts and his counsel to interject disapprovingly:

THE DEFENDANT: I don't fucking want prison.  I don't want jail.  I want prison, man, please.

[DEFENSE COUNSEL]: Hey.

THE DEFENDANT: Please, send me to prison.  I don't want jail. Please.  Please.  Please, Your Honor.  Give me what you have to give me, please.  I did good for 57 days.  I did good.  I was -- I'm still willing to do good, but --

THE COURT: Okay.  You understand on each count --

THE DEFENDANT: I do understand.

THE COURT: -- it's going to be --

THE DEFENDANT: I do understand.

THE COURT: -- consecutive.

THE DEFENDANT: I do understand.  I do understand, ma'am.

THE COURT: And you can't have an outburst like that again. Okay?

THE DEFENDANT: I'm sorry.  I apologize.

[DEFENSE COUNSEL]: You've got to get a hold of (indiscernible).

THE DEFENDANT: Well, I'm already a loser.  What the fuck you talking about?

[DEFENSE COUNSEL]: Keep it up.

THE DEFENDANT: I understand, ma'am.

¶8        The court then sentenced Gonzales to 30 years in prison:

THE COURT: All right.  I just want to be clear.  I've already made a finding the Defendant violated terms and conditions of probation.  This is not a rejection.  This is not –- the objection is not allowed by law.

The defendant will be revoked, and it is ordered sentencing him to the Department of Corrections for the presumptive terms of ten years on Count 2; Count 3, ten years; Count 5, ten years.  They all shall run consecutive, to be followed by community supervision.

Sir, you have 90 days to file for post-conviction relief.  If you have any questions, you can speak to your -–

THE DEFENDANT: No problem.

THE COURT: -- attorney.  If you don't have one, the Court will appoint one for you.

THE DEFENDANT: No problem.

**¶9**      Gonzales petitioned for post-conviction relief under Rules 33.1(a) and (c).  He argued his sentences were double jeopardy and thus void, because the court had already reinstated him to probation before it imposed the prison terms.  Gonzales also argued he received ineffective assistance of counsel because his attorney did not object to the prison sentences as violating double jeopardy and did nothing to mitigate Gonzales' irrational conduct.  The superior court summarily dismissed the petition.

**¶10**      Gonzales timely petitioned for review.  We exercise our discretion to grant review.  *See* A.R.S. § 13-4239; Ariz. R. Crim. P. 33.16.

## DISCUSSION

**¶11**      We review the superior court's decision for an abuse of discretion:  here, either legal error or an inadequate investigation of the facts needed to support the decision.  *State v. Pandeli*, 242 Ariz. 175, 180 ¶ 4 (2017).

**¶12**      The superior court has broad discretion to revoke probation. *See State v. Smith*, 112 Ariz. 416, 419 (1975) ("It is enough for the trial court to have a 'reason to believe' that the individual is 'violating the conditions of his probation or engaging in criminal practices' to revoke his probation." (quoting *State v. Bates*, 111 Ariz. 202, 204 (1974))).  While broad, this discretion is not unlimited and "does not allow capriciousness or arbitrariness on the part of the trial court."  *State v. Sanchez*, 19 Ariz. App. 253, 254 (1973).  The superior court can also abuse its discretion by "fail[ing] to conduct an adequate investigation into the facts relevant to sentencing[,]" including "all pertinent mitigating and aggravating circumstances."  *State v. Baum*, 182 Ariz. 138, 140 (App. 1995) (quoting *State v. Blanton*, 173 Ariz. 517, 519 (App. 1993)).

**¶13**      In his petition for review, Gonzales contends the court erred by rejecting his double jeopardy claim.  He also asserts that he received ineffective assistance of counsel.

**¶14**      When a court imposes a lawful sentence in which the defendant has a legitimate expectation of finality, the protection against double jeopardy prevents the court from subsequently increasing that sentence.  *Stone v. Godbehere*, 894 F.2d 1131, 1135 (9th Cir. 1990) (citing *United States v. DiFrancesco*, 449 U.S. 117, 139 (1980)).  Under Arizona law, double jeopardy is implicated when the sentencing judge increases a lawful sentence after pronouncing it.  *See State v. Wheeler*, 108 Ariz. 338, 341 (1972) (holding the court placed the defendant in double jeopardy by attempting to increase a lawful, previously pronounced sentence after the defendant

hit his attorney in court); *State v. Fayle*, 134 Ariz. 565, 573, 581–82 (App. 1982) (holding the court placed the defendant in double jeopardy by attempting to increase a lawful, previously pronounced sentence after the defendant made comments hostile to the victim).

¶15        But this was not a sentencing proceeding – it was a probation revocation proceeding. *State v. Broman*, 228 Ariz. 302, 303 ¶ 4 (App. 2011) ("[T]he substantive and procedural rights involved in criminal trials are markedly different [from] those in probation proceedings."). That difference is critical. The superior court did not violate Gonzales' double jeopardy rights because jeopardy did not attach here. *See id.* at 304 ¶ 6 ("In a probation revocation proceeding, [] a defendant's double jeopardy rights are not implicated. This is because the proceeding does not create a risk of conviction and therefore does not place a probationer in jeopardy within the meaning of the constitution.").

¶16        Gonzales' double jeopardy theory also fails because the court's order reinstating his probation wasn't a sentence. *State v. Witt*, 19 Ariz. App. 440, 441 (1973) ("A sentence is not in fact imposed until after probation is revoked."). It was instead an affirmation that the court was suspending his sentence. Only when the superior court revoked Gonzales' probation, *see* Paragraph 8, *supra*, did it finally impose a sentence. Because this was the court's first and only pronouncement of sentence, it does not offend principles of double jeopardy.

¶17        Gonzales also asserts an ineffective assistance of counsel claim in connection with the sentence imposed at his probation revocation hearing. *See* Ariz. R. Crim. P. 33.16(c)(4). But because he did not develop the issue, we expressly disclaim any view as to the potential merits of any ineffective assistance of counsel claims in connection with this matter, and relatedly, express no view as to whether the superior court abused its discretion in imposing its sentence. *See Baum*, 182 Ariz. at 140.

## CONCLUSION

¶18        For the foregoing reasons, we grant review but deny relief.

